# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50249

<table>
<tr><td>JIMMY CARLTON MOORE, JR.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>Filed: August 1, 2025</td></tr>
<tr><td>Petitioner-Appellant,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>Melanie Gagnepain, Clerk</td></tr>
<tr><td>v.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>THIS IS AN UNPUBLISHED</td></tr>
<tr><td>STATE OF IDAHO,</td><td>)</td><td>OPINION AND SHALL NOT</td></tr>
<tr><td></td><td>)</td><td>BE CITED AS AUTHORITY</td></tr>
<tr><td>Respondent.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael Reardon, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Judge

Jimmy Carlton Moore, Jr. appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

After a jury trial, Moore was found guilty of preparing false evidence by forging the affidavit of Ryan Michael Tone to pursue a motion for a new trial following Moore's convictions of domestic battery and resisting and obstructing law enforcement based on newly discovered evidence. Moore appealed the conviction, and this Court affirmed the judgment and sentence for preparing false evidence in *State v. Moore*, Docket No. 46965 (Ct. App. June 19, 2020) (unpublished). Moore filed a petition for post-conviction relief and requested appointment of post-conviction counsel. In his petition, one of the claims Moore asserted was that his trial counsel was ineffective because of a conflict of interest. The district court granted Moore's request for

1

appointment of post-conviction counsel. Moore's post-conviction counsel did not include conflict of interest allegations in Moore's supplemental petition. Instead, post-conviction counsel asserted Moore's trial counsel failed to make a relevance objection to the audio of the on-body camera taken by a police officer and failed to object to an alleged burden-shifting statement in the prosecutor's closing argument.

The State answered and moved for summary dismissal. First, the State responded that the conflict of interest claim in the original petition was "completely untrue" as demonstrated by the record of the underlying criminal case, was "not pled with sufficient specificity," and was unsupported by any evidence. As to the claim of ineffective assistance of trial counsel for not objecting to the admission of the on-body audio on relevance grounds, the State asserted that it should be dismissed because trial counsel did, in fact, object to the exhibit on relevance grounds but was overruled and that Moore failed to support his claim with admissible evidence on either the deficient performance or prejudice prongs. Finally, the State contended that Moore's claims of ineffective assistance of trial counsel for not objecting to the prosecutor's closing argument should be dismissed because they were based on bare assertions unsupported by facts or evidence and were refuted by the record of the underlying criminal case.

In response, Moore clarified that his trial counsel should have objected to a reference in the police audio regarding the victim in the related domestic violence case having a black eye because Moore's trial counsel (at Moore's domestic violence trial) had objected to other evidence of the victim's injuries and that prejudice was shown because such an objection would have been sustained. As to not objecting to the prosecutor's closing argument, Moore contended that the claims were viable because the State attempted to "abrogate itself of the responsibility to prove the knowledge element of the preparing false evidence charge."

On the conflict of interest claim, the district court ruled that the fact this claim was "not advanced in either the Supplemental Petition or the Opposition to the Motion for Summary Dismissal is a credit to [post-conviction] counsel's recognition that there is no basis for the claim." As to the lack of an objection to a portion of the audio, the district court concluded there was no showing that trial counsel was objectively deficient for not narrowing the objection to the black eye reference and there was no evidence of prejudice. The district court dismissed Moore's claims related to the prosecutor's closing arguments, concluding that some of the issues could have been

raised on appeal based on the denial of the motion for mistrial and were not. Finally, regarding Moore's argument that he was denied effective assistance of trial counsel because he failed to object to the State's alleged mischaracterization of his closing argument, the district court rejected this argument and ruled that any objection made to mischaracterization would have been overruled and there was no reasonable probability it would have changed the outcome. Consequently, the district court granted the State's motion for summary dismissal. Moore appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Moore first argues that the district court erred when it summarily dismissed his post-conviction claim that he received ineffective assistance of trial counsel because he had a conflict of interest. Next, Moore argues that his trial counsel failed to object to a portion of an admitted audio exhibit and to the alleged prosecutorial misconduct regarding the prosecutor's closing argument. Finally, Moore argues that the cumulative effect of his trial counsel's deficient performance warrants relief.

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.

3

App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

An ineffective assistance of counsel claim may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho

433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

## A. Conflict of Interest

Moore asserts that his trial counsel rendered ineffective assistance because he had an actual conflict of interest by representing both Moore and Tone[1] (the State's primary witness against Moore in the underlying matter). Moore also contends that, solely because of this simultaneous representation, his trial counsel failed to present exculpatory evidence at the trial regarding falsifying evidence.

An accused has the right under both the federal and state constitutions to representation free from conflicts of interest. *State v. Guzman*, 126 Idaho 368, 371, 883 P.2d 726, 729 (Ct. App. 1994). "Actual conflict of interest might be shown, for example, if the defendant identifies with particularity alternative defenses or additional important evidence that should have been presented by counsel." *Giles v. State*, 125 Idaho 921, 923, 877 P.2d 365, 367 (1994). Therefore, until Moore demonstrates by evidence that his trial counsel is or was actively engaged in conduct that would result in actual conflict of interest, Moore has not established the predicate for a claim of ineffective assistance.

Moore first contends that two distinct statements in the preliminary hearing transcript establish that his trial counsel engaged in concurrent representation of Moore and Tone that prejudiced Moore's defense. First, Tone referred to the investigator procured by Moore's trial

---

[1] After his conviction in the domestic violence case, Moore alleged that Tone witnessed the incident and could confirm that Moore was not the perpetrator. Subsequently, Moore filed a motion for a new trial supported by an affidavit, allegedly from Tone, stating that Moore was not present at the scene of the domestic battery when it took place. Tone also prepared an affidavit summarizing his version of the events. However, both Tone's affidavit and his testimony during a hearing on the motion for a new trial factually differed from the affidavit filed by Moore. Consequently, the State charged Moore with preparing false evidence.

counsel as "my investigator." Next, Moore's trial counsel stated the following during Tone's cross-examination: "But let's talk about the initial meeting with [Moore], because I think I talked about that in the way I argued your case in that this was a chance encounter between you?"

"[T]he possibility of conflict is insufficient to impugn a criminal conviction." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980); *Dunlap v. State*, 141 Idaho 50, 62, 106 P.3d 376, 388 (2004). To establish an actual conflict of interest, a defendant must show a conflict that affected counsel's performance--not a mere theoretical division of loyalties. In the same transcript that Moore references, Tone indicated that he spoke to the previously mentioned investigator for a total of two minutes before any official proceedings took place. Moreover, Moore's trial counsel indicated that he initiated communication with Tone after trial counsel discovered Tone was a favorable witness to Moore for the purpose of retrying the domestic violence case. As a witness for the defense at that time, it is reasonable that Tone could have thought of Moore's trial counsel's investigator as Tone's investigator. Further, these statements suggest that Moore's trial counsel was, in fact, doing his due diligence in representing Moore by investigating potential witnesses associated with the motion for a new trial in the domestic violence case and by meeting with the newly discovered witnesses to build a case for Moore. Nothing in the record indicates that Tone was ever charged as a co-defendant with Moore for preparing false evidence. The record in this case is also devoid of any indication that Tone had legal representation at any time during his involvement with the case regarding falsifying evidence. Moore's trial counsel's vague references to arguing a case that, for all intents and purposes, never existed is insufficient to establish actual conflict of interest. Consequently, Moore failed to show that actual conflict existed based on two statements in the transcript.

Moore also claims that his trial counsel was ineffective because he failed to present the following exculpatory evidence due to a conflict of interest: (1) the original affidavit of Tone; (2) evidence about authenticity of Tone's signature on State's Exhibit 1--one of the versions of an affidavit allegedly written by Tone; and (3) Tone's testimony during the motion for a new trial in the domestic violence case that he had never seen State's Exhibit 1. Moore claims that trial counsel's failure took place solely because of the conflict of interest. We disagree.

We note that trial counsel's decisions, even when professionally unreasonable, cannot automatically be attributed to a conflict of interest. However, in this case, Moore's trial counsel's decision to withhold certain evidence was not only reasonable but warranted. At the hearing on the motion for a new trial in the domestic violence case, the State asked Tone several questions regarding the two versions of the affidavit. During the cross-examination, Tone indicated that he had never seen the version of the affidavit marked State's Exhibit 1, never signed it, and emphasized numerous inconsistencies in State's Exhibit 1 and his original affidavit. For example, Tone testified that Moore went to a store around 8:30 p.m.; however, State's Exhibit 1 stated that Moore went to the same store at 9:15 p.m. Tone also testified he had no cell phone at the time of the events described in the affidavit; however, State's Exhibit 1 referred to Tone referencing his cell phone for the time. Tone also admitted that his affidavit contained information that was false and included only upon Moore's request. For example, Tone testified that he was not close enough to hear any of the conversations that took place that night and he did not see Moore's victim with two individuals Moore claimed committed the domestic battery.

There is no reason to believe that any of this information would have helped Moore to overcome the charge that he falsified an affidavit to obtain a new trial in the domestic violence case. Introducing two separate affidavits with contradicting information, one of which Tone claimed was neither signed nor written by Tone, might have hurt Moore's chances for acquittal. More importantly, the district court found that the jury heard Tone's testimony from both the preliminary hearing and the motion for a new trial, giving the jury access to the inconsistencies between the affidavit and Tone's version of the events. The district court also found that, during cross-examination, both the State and Moore acknowledged these inconsistencies, allowing the jury to fully consider them. Moore failed to show how his trial counsel's strategic decisions not to introduce evidence that was potentially harmful to Moore's case were motivated by the alleged conflict and compromised trial counsel's representation of Moore.

In addition, on appeal, Moore claimed that the impact the conflict had was illustrated by trial counsel's attempt to square his presentation of the facts in Moore's case with the way trial counsel had argued the facts while representing Tone. However, Moore makes no effort to show how the evidence referenced above supports this bare assertion or point to any evidence (which does not exist in the record) of how trial counsel ostensibly argued the facts while representing

Tone. Moore did not meet his burden to demonstrate that his trial counsel had an actual conflict of interest while representing Moore. Accordingly, the district court did not err in summarily dismissing this claim for ineffective assistance of trial counsel based on the alleged conflict of interest.

## B. Failure to Object

Moore next contends that his trial counsel was deficient in failing to object to an audio exhibit on relevance grounds. When an objection would not have been successful, its absence will not constitute ineffective assistance of counsel. *State v. Pugsley*, 128 Idaho 168, 175, 911 P.2d 761, 768 (Ct. App. 1995). If the testimony was inadmissible and the objection would therefore have been properly sustained, then counsel's failure to object may have been deficient performance. *Id.* To show prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 669. "The prejudice prong requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Abdullah v. State*, 173 Idaho 127, 144, 539 P.3d 947, 964 (2023) (internal quotation omitted).

### 1. Objection to relevance

Moore asserts that his trial counsel was ineffective because he failed to object to a portion of the audio of a body camera video where officers refer to a black eye that Moore's victim sustained in the domestic violence case.[2] Moore further contends that his trial counsel's failure to object to this statement in the audio had an inflaming effect on the jury that undermined confidence in its verdict; therefore, satisfying the prejudice prong of the *Strickland* test.

Even assuming the mention of the physical injury was inadmissible, Moore has failed to demonstrate how this alleged deficient performance prejudiced his defense. Outside of this

---

[2]     Moore contends that there is no evidence in the record to suggest this failure to object was strategic. Moore also asserts that even if this decision was strategic, the record shows that trial counsel's failure to make the objection was not reasonable, given all the instances the district court sustained his objections regarding the victim's injuries on relevance grounds. Since this Court focuses on the second prong of the ineffective assistance of counsel claim we decline to address these arguments.

specific reference, there are multiple instances where the domestic violence victim's injury is not only mentioned in passing but discussed. First, after reviewing the audio recording, approximately eleven seconds after talking about an alternative defendant, the arresting officer states that the victim reported Moore punching the victim in the face three times. During the trial in the underlying case, the jury had access to evidence and heard testimony that: (1) Moore was convicted of domestic violence with traumatic injury; (2) Moore admitted to striking his wife during the domestic violence trial; and (3) Moore encountered Tone while Moore was in prison because of his domestic violence conviction. The same information Moore claims created prejudice so severe that it deprived him of a fair trial was already before the jury through admissible evidence and testimony. Moreover, given numerous references by witnesses, the audio recording and Moore himself regarding the victim's injuries and the manner in which they were inflicted, it is unlikely that a brief mention of a black eye would have inflamed the jury any more than references to Moore punching the victim in the face.[3] Moore failed to make a prima facie showing of prejudice.

We conclude that the district court did not err in summarily dismissing Moore's ineffective assistance of counsel claim for the lack of objection to a reference of the victim's black eye on the audio recording.

## 2. Objection to prosecutorial misconduct

Moore argues that his trial counsel was deficient because he did not object to a statement made by the State during its rebuttal closing argument. At the trial in the underlying matter, the State noted: "[i]f all that was required to show that [Moore] didn't have this intent is that these are just his own beliefs, then nobody would be found guilty of this crime" (preparing false evidence). Moore asserts that the State's remarks during its closing argument shifted the burden of proof for the State to "prove knowledge element of the false evidence charge."

A prosecutor does not shift the burden of proof by arguing that defense evidence does not establish certain facts. *State v. Moses*, 156 Idaho 855, 868-69, 332 P.3d 767, 780-81 (2014). Nor

---

[3]     Moore argues when there is a reasonable probability that an objection would have been successful, such a showing satisfies both the performance and prejudice prongs of the *Strickland* standard. In support of this argument, Moore relies on the Idaho Supreme Court's decision in *Wurdemann v. State*, 161 Idaho 713, 390 P.3d 439 (2017). Moore's claim is misplaced, as it rests on his misinterpretation of *Wurdemann* and the applicable law.

is it misconduct to argue that defense evidence is not credible where contrary to the State's evidence. *See State v. Raudebaugh*, 124 Idaho 758, 769, 864 P.2d 596, 607 (1993).

During its rebuttal closing argument, the State effectively stated that, if Moore's personal beliefs alone were sufficient to negate the required intent, no one would ever be found guilty of falsifying evidence. The required mens rea in falsifying evidence is knowingly preparing a false document with the intent to present such document as genuine. The State's comment does not shift the burden of proof. Rather, it emphasizes the jury's duty to assess the credibility and reasonableness of Moore's asserted belief considering all the evidence. The State still bore the burden of proving, beyond a reasonable doubt, that Moore knowingly prepared a false document with the intent to present it as genuine. Therefore, the district court did not err in finding that Moore failed to meet his burden under *Strickland* and summarily dismissing this claim.

## C.     Cumulative Error

Finally, Moore contends that the cumulative error doctrine applies, necessitating post-conviction relief. Moore asserts that the district court erred by failing to address this doctrine. Under the doctrine of cumulative error, a series of errors (harmless in and of themselves) may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Moore has failed to demonstrate at least two errors, a necessary predicate to the application of the cumulative error doctrine. Because Moore failed to demonstrate any error, the district court was not required to conduct a cumulative error analysis. Therefore, Moore is not entitled to relief based on cumulative error.

## IV.

## CONCLUSION

Moore did not meet his burden to demonstrate that his trial counsel had an actual conflict of interest. The district court correctly determined that Moore failed to make a prima facie showing that his trial counsel's performance was deficient for failing to object to the reference to a black eye in the police audio recording and the State's closing argument about Moore's beliefs in the truth of the claims in the falsified affidavit. Because Moore did not establish error for both of these claims of deficient performance, there is no cumulative prejudice analysis that can be conducted. Therefore, Moore has failed to show that the district court erred by summarily dismissing his

petition for post-conviction relief. The district court's judgment summarily dismissing Moore's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge Pro Tem MELANSON, **CONCUR**.